UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THOMASINA TARA COCHRAN | ) | |
| | ) | **Civil Action No.:** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| LEWIS, MCDONNELL & ASSOCIATES LLC | ) | **AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff THOMASINA TARA COCHRAN as and for her complaint respectfully alleges as follows:

**INTRODUCTION**

1. This is an action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendant LEWIS, MCDONNELL & ASSOCIATES LLC ("Lewis, McDonnell & Associates") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"); and Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this judicial district pursuant to U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Thomasina Tara Cochran is a natural person residing in the town of New York, County of New York and State of New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C §1681a(c) as well as by 15 U.S.C. §1692a (3).

7. Upon information and belief, Defendant Lewis, McDonnell & Associates is a foreign limited liability company and debt collection agency registered to do business in the State of New York with its principal place of business located at 17852 E 17th Street, Suite #206, Tustin, CA 92780. Upon information and belief, Defendant Lewis, McDonnell & Associates does not maintain a registered agent address in New York.

8. Defendant reports credit information to Equifax, Experian, Transunion and other consumer reporting agencies known and unknown and is a "furnisher of information" as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## PURPOSE OF THE FCRA

11. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C § 1681.

## PURPOSE OF THE FDCPA

12. In enacting the FDCPA, Congress found that:
    A. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasion of individual privacy.
    B. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    C. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

D. Abusive debt collection practices are carried on to a substantial extent in interstate commerce. Even where abusive debt collection practices are purely interstate in character, they nevertheless directly affect interstate commerce.

E. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors.

**FACTUAL ALLEGATIONS**

13. On or around January 2024, Plaintiff obtained a copy of her consumer credit report and discovered incomplete and inaccurate information furnished by First Capital Group. Account No. 456601*** allegedly owed to Genesis, in the amount of $392.00.

14. On or around January 2024, Plaintiff called First Capital Group number listed on the consumer credit report and called various dates into question such as the date of first delinquency, date opened, date sold, date of last payment, balance and asked to dispute the debt.

15. First Capital Group confirmed the date opened as 02/20/2017, the date of first delinquency as 06/17/2019, the date the debt was sold to them as 12/15/2023, the balance as $392.71 and the date of last payment as 04/24/2019.

16. Plaintiff was informed by First Capital Group to do the disputes online with the credit bureaus or send a written dispute to First Capital Group mailing address.

17. Plaintiff was informed by First Capital Group that the account was pending review at a law firm. This violates the FDCPA. *See 15 USC 1692e(5)*.

18. Plaintiff holds the recording to this phone call.

19. On or around January 24th, 2024 Plaintiff disputed the tradeline with Experian using Experian's online dispute process. Plaintiff informed Experian that the "date open" is inaccurate, please ensure the completeness and accuracy of this account.

20. Upon information and belief, Experian sent a dispute to First Capital Group providing all relevant disputed information.

21. On or around February 7th, 2024, Experian issued the re-investigation results.

22. Upon reviewing the information, Plaintiff noticed First Capital Group "Updated" the information disputed.

23. Plaintiff noticed First Capital Group failed to update the "date open", First Capital Group was aware of the date of first delinquency yet continued to report the date placed for collection as of December 15, 2023. This practice is known as "re-aging" which gives First Capital Group a longer reporting date. See, *e.g., O'Dell v. Nat'l Recovery Agency, 291 F. Supp. 3d 687 (E.D. Pa. 2018)*

24. First Capital Group continues to report information that should be known to be false. This violates the FDCPA. *See 15 USC 1692e(8)*.

25. Plaintiff noticed First Capital Group failed to update the report as the status read "Status updated" in December 2023.

26. When the re-investigation results said "updated" that was a violation because First Capital Group failed to possess account-level documentation such as proof which is a violation of the FCRA.

27. The FCRA section 1681s-2(b) contemplates three potential ending points to a re-investigation: verification of accuracy, a determination of inaccuracy or

5

incompleteness, or a determination that the information "cannot be verified." *See 15 USC 1681s-2(b)(1)(E)*.

28. When a furnisher reports that disputed information has been "updated", the question of whether the furnisher behaved reasonably will turn to whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial.

29. First Capital Group has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown from at least December 2023 through the present.

30. A reasonable jury could find a violation of *15 USC 1681s-2(b)* where First Capital Group "D[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications'); *Hinkle v Midland* (11th Cir 2016).

31. On or around February 8th, 2024, Upon research, Plaintiff discovered First Capital Group is in fact a law firm by the name of "Lewis, McDonnell & Associates". This is deceptive and false representations in connection with a means to collect a debt. *See 15 usc 1692e(10) and 1692e(14)*.

32. Defendant failed to conduct a reasonable investigation.

33. As a result of the facts stated herein, Plaintiff has experienced denials of credit.

34. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of Furnisher's conduct.

35. Plaintiff has suffered concrete harm.

36. Defendant Lewis, McDonnell & Associates conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2(b) of the FCRA.

## FIRST CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(A)

37. All preceding paragraphs are re-alleged.

38. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that is furnished to the Consumer Reporting Agencies.

39. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

40. Defendant conduct was negligent and/or willful.

41. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## SECOND CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(B)

42. All preceding paragraphs are re-alleged.

43. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agency.

44. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff credit reputation and rating, and other injuries and damages to Plaintiff .

45. Defendant conduct was negligent and/or willful.

46. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

### THIRD CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(C)

47. All preceding paragraphs are re-alleged.

48. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agencies after the dispute.

49. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

50. Defendant conduct was negligent and/or willful.

51. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

### FOURTH CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(D)

52. All preceding paragraphs are re-alleged.

53. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies after a dispute including Experian and other consumer reporting agencies known and unknown.

54. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

55. Defendant conduct was negligent and/or willful.

56. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

### FIFTH CLAIM FOR RELIEF

### 15 U.S.C. §1681s-2(b)(1)(E)

57. All preceding paragraphs are re-alleged.

58. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report substantial disputed information with

consumer reporting agencies through the efforts of collecting or referring to account-level documentation.

59. This subsection states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information."

60. Defendant failed to delete the items of information which were incomplete, inaccurate and could not be verified.

61. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff .

62. Defendant conduct was negligent and/or willful.

63. Defendant is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## SIXTH CLAIM FOR RELIEF

### 15 U.S.C. §1692e(8)

64. All preceding paragraphs are re-alleged.

65. Defendant violated 15 U.S.C § 1692e(8) of the FDCPA by communicating false credit information to the consumer reporting agencies.

66. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## SEVENTH CLAIM FOR RELIEF

### 15 U.S.C. §1692e(10)

67. All preceding paragraphs are re-alleged.

68. Defendant violated 15 U.S.C § 1692e(10) of the FDCPA by failing to disclose the company legal entity name on the Plaintiff credit report, this is a false and deceptive representation to collect on a debt.

69. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### EIGHTH CLAIM FOR RELIEF

### 15 U.S.C. §1692e(5)

70. All preceding paragraphs are re-alleged.

71. Defendant violated 15 U.S.C § 1692e(5) of the FDCPA by threatening to take an action that is not intended to be taken.

72. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### NINTH CLAIM FOR RELIEF

### 15 U.S.C. §1692e(14)

73. All preceding paragraphs are re-alleged.

74. Defendant violated 15 U.S.C § 1692e(14) of the FDCPA by failing to disclose the true name of the debt collector's business.

75. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff hereby demands a jury trial and respectfully moves this honorable court to enter judgment in favor of Plaintiff against Defendant for:

76. Violations occurred for violating the FCRA and FDCPA;

77. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1692k(a).

78. Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

79. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and 15 USC § 1692k(a)(1);

80. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Thomasina Tara Cochran
55 E 102ND ST, 8E
New York, NY 10029
(332) 220-6940
Businesswtommy@gmail.com
